DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Petitioner-appellant Ronald Wingard, Sr., appeals the decision rendered in the Summit County Court of Common Pleas, Domestic Relations Division, overruling his motion to terminate child support for Ronald Wingard, Jr. We affirm.
Ronald and Kathy Wingard were married on June 18, 1977. Two children were born of the marriage, Ronald Wingard, Jr., and Jamie Wingard. On June 18, 1984, the trial court issued a final decree of dissolution, which incorporated the parties' separation agreement. That agreement provided that Kathy would have custody of the children and Ronald would pay $15 per week per child "until each such child attains the age of majority, or until such child is married or otherwise emancipated, at which time such child support shall cease."
On June 13, 1994, upon Kathy's motion, the trial court raised Ronald's child support obligation to $492 per month, plus poundage. On January 4, 1996, the trial court issued an order further raising Ronald's child support obligation to $412.97 per month per child, plus poundage. On May 30, 1997, the trial court entered an order finding the following:
 1) that Ronald Wingard, Jr., had turned 18 years old on March 10, 1997;
 2) and that he was still attending high school full-time;
 3) that R.C. 3109.05(E) came into effect on July 15, 1992, providing that a child support order is to remain in effect beyond the child's eighteenth birthday as long as the child continuously attends high school full-time;
 4) that the child support order in this case had been revised since R.C. 3109.05(E) had come into effect, and had no specified termination date for child support; and
 5) that the child support order in this case is subject to R.C. 3109.05(E), and should not terminate as to Ronald Wingard, Jr., until he no longer continuously attends high school full-time.
Ronald appeals, assigning two errors, which we will discuss together.
Wingard's first assignment of error states:
 The trial court erred in denying Petitioner-Appellant's Motion to Terminate Child support for his emancipated son, Ron Wingard, Jr., who had reached the age of majority on March 10, 1997, pursuant to the terms and conditions of the parties [sic] separation agreement entered into in 1984.
Wingard's second assignment of error states:
 The trial court erred in determining that the parties [sic] separation agreement entered into in 1984 as it pertains to the termination of child support was modified pursuant to O.R.C. 3109.05(E), by the June 13, 1994 Judgment Entry, such that child support for Ronald Wingard, Jr. would continue past his 18th birthday and be in effect until he graduates from high school.
R.C. 3109.05(E) states:
 Notwithstanding section 3109.01 of the Revised Code, if a court issues a child support order under this section, the order shall remain in effect beyond the child's eighteenth birthday as long as the child continuously attends on a full-time basis any recognized and accredited high school or the order provides that the duty of support of the child continues beyond the child's eighteenth birthday. * * * Any parent ordered to pay support under a child support order issued under this section shall continue to pay support under the order, including during seasonal vacation periods, until the order terminates.
As the trial court indicated, this statutory language went into effect on July 15, 1992. The trial court modified Ronald's child support order twice since that date. On both occasions, the trial court issued a support order within the meaning of R.C.3109.05(E), and thus R.C. 3109.05 applied to require Ronald to provide support for Ronald, Jr., until he ceases to go continuously to high school full-time. Ronald's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ WILLIAM R. BAIRD
FOR THE COURT
QUILLIN, J., P. J.
DICKINSON, J.
CONCUR.